UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>DARRIUS DECNAN REDD,<br><br>Defendant. | CASE NO. 4:20-cr-00156-RGE-HCA<br><br>DEFENDANT'S SENTENCING BRIEF |

**COMES NOW** the Defendant and for his Sentencing Brief states to the Court as follows:

I. **Defendant's Conduct with M.S. Does Not Constitute Relevant Conduct**

Mr. Redd's interactions with M.S. do not constitute relevant conduct under the guidelines. Relevant conduct includes all acts and omissions committed or caused by the defendant occurring during the commission of, in preparation for, or while attempting to avoid detection for the instant offense. USSG §1B1.3(a)(1)(A). Preparation is the act of devising the means necessary to commit a crime. *United States v. Howard*, 759 F.3d 886, 890 (8th Cir. 2014). "It is not enough that committing one crime made it easier for the same defendant to commit a subsequent crime." *United States v. Howard*, 759 F.3d 886, 889 (8th Cir. 2014). Mr. Redd's relationship with A.E. was not "in preparation" for his interactions with M.S. *See United States v. Ewing*, 632 F.3d 412, 417 (8th Cir. 2011) ("The fact that Ewing opportunistically stole a vehicle during the course of one robbery that he used in a separate robbery two days later does not make the first robbery relevant conduct to the second under § 1B1.3(a)(1)(A).").

1

Nor was Mr. Redd's relationship with A.E. relevant conduct under subsection (a)(2) of § 1B1.3. That subsection provides that, "solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts," relevant conduct also includes all acts that were "part of the same course of conduct or common scheme or plan as the offense of conviction." USSG §1B1.3(a)(2). Section 3D1.2(d) of the guidelines provides a list of offenses that are expressly included in and excluded from grouping. U.S.S.G. § 3D1.2(d). That list includes USSG 2G1.1. Accordingly, it is immaterial even if, as the Government claims, "Defendant's interactions with M.S. were designed to further his 'scheme to engage in a commercial sex enterprise.'" (Gov't Br. at 6).

The PSI correctly categorized Mr. Redd's interactions with M.S. as behavior not part of relevant conduct. Because those interactions are not part of the relevant conduct, they should not be included in the PSI. It further follows that this conduct should not be grouped separately as a pseudo-count under USSG 2G1.1(d).

If the Court finds that Mr. Redd has engaged in sexual assaults as asserted in the PSR, and increases Mr. Redd's punishment because of that, Mr. Redd preserves a challenge to his sentence under the Sixth Amendment and the Fifth Amendment's Due Process Clause. Sentencing Mr. Redd based on a judicial finding of guilt related to separate uncharged but alleged offenses, based on a preponderance of the evidence, and then punishing based on this finding, violates the Fifth and Sixth Amendments. A criminal defendant has a Sixth Amendment "right to have a jury find the facts behind his punishment." *Hurst v. Florida*, 577 U.S. 92, 98 (2016). This principle "extends down centuries into the common law." *Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000).

When it comes to the reasonableness of a sentence, a judge-found fact should not shift the reasonableness window; only a jury can do that. *See Alleyne v. United States*, 570 U.S. 99 (2013); *see also Jones v. United States*, 574 U.S. 948 (2014) (Scalia, J., dissenting from denial of cert.) ("It unavoidably follows that any fact necessary to prevent a sentence from being substantively unreasonable—thereby exposing the defendant to the longer sentence—is an element that must be either admitted by the defendant or found by the jury. It may not be found by a judge."); *United States v. Bell*, 808 F.3d 926, 928 (D.C. Cir. 2015) (Kavanaugh, J., concurring with denial of petition for rehearing en banc) ("Allowing judges to rely on acquitted or uncharged conduct to impose higher sentences than they otherwise would impose seems a dubious infringement of the rights to due process and to a jury trial. If you have a right to have a jury find beyond a reasonable doubt the facts that make you guilty, and if you otherwise would receive, for example, a five-year sentence, why don't you have a right to have a jury find beyond a reasonable doubt the facts that increase that five-year sentence to, say, a 20-year sentence?"); *United States v. Galloway*, 976 F.2d 414, 436-44 (8th Cir. 1992) (Bright, J., dissenting) ("If the former Soviet Union or a third world country had permitted [the practice of punishing people for conduct that had not been the subject of indictment or trial] human rights observers would condemn"). Moreover, 18 U.S.C. § 3553(a)(2)(A) provides that, in determining the sentence to be imposed, the Court must consider the need for the sentence "to provide just punishment for the offense." Sentencing based on facts not admitted by a defendant or found by a jury is contrary to that command.

## II. The Four-level Increase for Conduct Under 18 U.S.C. § 2241(a) and (b) Does Not Apply

If the offense involved conduct described in 18 U.S.C. § 2241(a) or (b), the offense level is increased by four levels. USSG §2A3.1(b)(1). Whoever causes another person to engage in a sexual act by force, by threatening, or by kidnapping commits aggravated sexual abuse. 18 U.S.C. § 2241(a). Under 18 U.S.C. § 2241(b), whoever causes another person to engage in a sexual act by rendering them unconscious or by administering drugs to that rendering them substantially impaired commits aggravated sexual abuse. Whoever causes another person to engage in a sexual act by threatening or placing that person in fear or engages in a sexual act with another person who is incapable of appraising the nature of the conduct or physically incapable of declining participation in the sexual act commits sexual abuse. 18 U.S.C. § 2242.

Mr. Redd is appealing his conviction. He denies using force, threats, kidnapping, drugs, or threats to cause anyone to engage in sexual acts. This matter can be resolved on the trial record.

## III. USSG § 2A3.1(b)(5)'s Four-Level Increase for Abduction Is Not Applicable for Count 1 and the M.S. Pseudo-Count

If the victim was abducted, increase the offense level by four levels. USSG §2A3.1(b)(5). Again, Mr. Redd denies abducting anyone. He is appealing his conviction. This matter can be resolved on the trial record.

## IV. The Two-Level Physical Restraint Enhancement Does Apply to Counts 1 and 3, and the M.S. Pseudo-Count

"'Physically restrained' means the forcible restraint of the victim such as being tied, bound, or locked up." USSG 1B1.1, comment. (n.1(L)). Once again, Mr. Redd

4

denies physically restraining any person. He is appealing his conviction. This matter can be resolved on the trial record.

## V. USSG §3C1.1's Obstruction-of-Justice Enhancement Does Not Apply

Mr. Redd maintains that he testified truthfully at his trial. Accordingly, this enhancement does not apply.

## VI. Counts 1 and 2 Are Not a Separate Group from Count 3

Counts 1, 2, and 3 all involved the same victim, A.E., and the conduct for all three counts was part of one overall scheme to engage in a commercial sex enterprise. Thus, the three counts are correctly grouped into one closely related group pursuant to USSG §3D1.2(b). The alleged distribution of a controlled substance to A.E. was to facilitate a commercial sex enterprise. The Government specifically argues that the guidelines on Count 1 should be calculated based on the §2A3.1 cross-reference because Mr. Redd "administering drugs rendering a victim substantially impaired." The harm caused by administering drugs to A.E. is part and parcel of the harm caused by sex trafficking. *Cf. United States v. Szczerba*, 897 F.3d 929, 942 (8th Cir. 2018) (recognizing grouping of one count of conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371; one count of interstate transportation of an individual to engage in prostitution in violation of 18 U.S.C. §§ 2421 and 2; one count of use of facilities in interstate commerce with intent to aid an enterprise involving prostitution in violation of 18 U.S.C. §§ 1952(a)(3) and 2; and one count of use of facilities in interstate commerce with intent to distribute proceeds from an enterprise involving prostitution in violation of 18 U.S.C. §§ 1952(a)(1) and 2).

5

Mr. Redd's interactions with M.S. are not conduct relevant to the instant offense because the conduct regarding M.S. did not take place in the course of the conduct underlying the counts of conviction.

Consequently, the special instruction pursuant to USSG §2G1.1(d)(1) is not applicable. The PSI correctly resolved this issue.

## VII. The Combined Adjusted Offense Level is 35

The base offense should be 34 under USSG §2G1.1. None of the enhancements assessed in the PSI apply. Mr. Redd maintains that he did not use any form of violence and accordingly the career offender guideline does not apply. The instant offense is not a crime of violence and thus USSG §4B1.1 is inapplicable. The total offense level should remain 34.

## VIII. A Life Sentence Is Greater Than Necessary to Serve the Purposes of Sentencing

Mr. Redd is not similarly situated to defendants who have received life sentences in this district. Clark Wesley Betts Jr. repeatedly had sex with a 12-year-old and a 15-year-old. (4:16-cr-00158-SMR-CFB, DCD 149). Betts obstructed justice by trying to convince the 15-year-old to lie on his behalf. Nor is Marlin Santana Thomas comparable. At least five victims alleged in that case alleged that Thomas forcibly sexually abused them. Each of these victims was alleged to have particular vulnerabilities that Thomas exploited. Two of the victims were alleged to have suffered serious bodily injury. Thomas recruited at least one minor victim, in addition to the adult victims. (4:20-cr-00118-JAJ-HCA, DCD 163).

Mr. Redd was no doubt persistent in his efforts to recruit women to prostitute for him, but his efforts to do so were primarily verbal. The fact that B.N., M.S., and T.R. all

successfully declined Mr. Redd's overtures is evidence of the fact that he did not overcome anyone's will. He never had a gun. He never struck any of the women. At least initially, A.E. was a willing participant in the prostitution arrangement. Calling A.E. "one of society's most vulnerable" is a stretch. At the outset of her relationship with Mr. Redd, she voluntarily did drugs with Mr. Redd and had sex with him. Many of the aggravating factors in sex trafficking cases are absent.

At an offense level of 34 and criminal history category VI, Mr. Redd's guideline range is 262 to 327. Mr. Redd is 33 years old. With a sentence of 262 months, Mr. Redd will be 54 when he is released. Twenty years is more than sufficient to serve the purposes of sentencing. Mr. Redd will be on supervised release when he is released from incarceration. That supervision will be sufficient to protect the public. Mr. Redd does not deserve to be incapacitated for the rest of his life.

*Respectfully submitted,*

          **PARRISH KRUIDENIER DUNN GENTRY**
          **BROWN BERGMANN & MESSAMER, L.L.P.**

          By: ___/s/_ *Gina Messamer*_____
               Gina Messamer        AT0011823
               2910 Grand Avenue
               Des Moines, Iowa 50312
               Telephone: (515) 284-5737
               Facsimile: (515) 284-1704
               Email: gmessamer@parrishlaw.com
          **ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 18, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served electronically on the attorneys of record.

          By: ___/s/ *Gina Messamer*_____